[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12724
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00340-KD-B-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO ANTONIO PEREZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 19, 2020)

Before NEWSOM, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Marco Perez appeals his fifty-one-month sentence for possession of stolen firearms in violation of 18 U.S.C. § 922(j).  He argues that the district court incorrectly applied the sentencing guidelines.  The government claims that, regardless of whether the district court erred, we should still affirm the sentence because the district court stated it would impose an identical sentence notwithstanding any error in its guidelines calculations.  See United States v. Keene, 470 F.3d 1347, 1350 (11th Cir. 2006) ("[I]t would make no sense to set aside [a] reasonable sentence and send the case back to the district court [because of an error in calculating the sentencing guidelines] since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm.").  We agree that Keene applies; if there was any error in the district court's guidelines calculations, it was harmless; and the sentence was substantively reasonable.  We therefore affirm.

## BACKGROUND

Perez pleaded guilty to one count of possession of stolen firearms.  At his sentencing hearing, he objected to a two-level sentence enhancement because his offense involved four firearms and a two-level enhancement for obstructing justice.  Perez also objected to the district court's refusal to apply a three-level reduction for acceptance of responsibility.  The district court overruled all three objections.  Based on the presentence investigation report, the district court noted a total offense level of twenty with a criminal history category of IV, resulting in a guidelines sentencing

range of fifty-one to sixty-three months.  According to Perez, the appropriate guidelines sentencing range should have been twenty-four to thirty months based on an offense level of thirteen and a criminal history category of IV.

At the sentencing hearing, after considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Perez to fifty-one months' imprisonment and noted that was "an appropriate sentence, whether [it had] correctly calculated the guidelines or not."  In making that determination, it gave Perez credit for pleading guilty and not forcing the government to prove its case.  It also acknowledged that Perez had an extensive criminal history consisting of fourteen prior burglary and theft offenses and that he absconded from pretrial supervision during which time he fatally shot Mobile Police Department Officer Sean Tuder.

Perez now appeals his sentence.  He argues that the district court inappropriately applied the enhancements and that it should have applied the three-level reduction for acceptance of responsibility.  Perez also claims, for the first time on appeal, that had the district court sustained his objections and the proper guidelines range was twenty-four to thirty months, it could not have made an upward departure from the sentencing guidelines to impose a fifty-one-month sentence because he had not received notice of its intent to impose an upward departure.  The government responds that we do not need to consider Perez's arguments regarding his guidelines

range because the district court stated that it would impose the same sentence re-gardless of any guidelines error and that notice was not required.

## STANDARD OF REVIEW

We normally review a district court's application of the sentencing guidelines de novo and its factual findings for clear error. United States v. Maitre, 898 F.3d 1151, 1159 (11th Cir. 2018). When a district court states that it would have imposed the same sentence irrespective of an alleged guidelines calculation error, however, the assumed error is harmless, and we will affirm the sentence if it is reasonable. Keene, 470 F.3d at 1348–49. We review whether a sentence is substantively rea-sonable for abuse of discretion. United States v. Irey, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc).

## DISCUSSION

*Sentence*

We first review Perez's claims regarding error in the district court's guidelines calculation. In Keene, much like in this case, the defendant argued that the district court made a guidelines calculation error. 470 F.3d at 1348. In that case, the district court imposed a sentence within the guidelines range over the defendant's objection, but also noted that it would have imposed the same sentence under 18 U.S.C. § 3553(a) even if it got the guidelines calculation wrong. Id. We observed that "it would make no sense to set aside [a] reasonable sentence and send the case back to

the district court" where the district court had already stated that it would impose the same sentence regardless of the guidelines and we, therefore, "would be compelled to affirm." Id. at 1350.

To determine whether the Keene rule applies, we first ask whether "the district court would have reached the same result even if it had decided the guidelines issue the other way." Id. at 1349. Second, we ask whether "the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." Id. In assessing reasonableness, we assume that the claimed guidelines calculation error occurred, adjust the guidelines range accordingly, and ask whether the sentence imposed is reasonable under the 18 U.S.C. § 3553(a) factors. Id. at 1349. The defendant has the burden of "prov[ing] that his sentence is unreasonable in light of the record and § 3553(a)." Id. at 1350. If the district court imposed a reasonable sentence, we affirm.

Here, the district court imposed a guidelines sentence, but also found the sentence reasonable even if it had made a guidelines error. It said that fifty-one months was "an appropriate sentence, whether [it had] correctly calculated the guidelines or not." Keene therefore applies, and we turn to whether the sentence was reasonable. Perez makes no claim that the district court imposed an unreasonable sentence, but even if he did, the claim would fail because the district court appropriately considered the § 3553(a) factors. Granting Perez's objections, his guidelines range should

5

have been twenty-four to thirty months. At the sentencing hearing, the district court assessed all the "facts and circumstances" of the case, including that Perez absconded from pretrial supervision and fatally shot Officer Tuder, that his offense involved several instances of breaking into cars to steal firearms so that he could later sell them, and that he had an extensive criminal history. That history consisted of fourteen separate breaking and entering offenses in less than three years. While the district court considered more than Perez's criminal history, we have previously "upheld large upward deviations based solely on an offender's extensive criminal history." United States v. Osorio-Moreno, 814 F.3d 1282, 1288 (11th Cir. 2016) (sentence exceeding guidelines maximum by fifty-seven months not substantively unreasonable because of defendant's twenty prior convictions); United States v. Shaw, 560 F.3d 1230, 1239 (11th Cir. 2009) (sentence exceeding guidelines maximum by eighty-three months not substantively unreasonable primarily because of "twenty-six known episodes of criminal behavior"). Given Perez's extensive criminal history and the number of other serious considerations examined at the sentencing hearing, the district court did not abuse its discretion by imposing a sentence twenty-one months greater than Perez's claimed guidelines maximum.

*Notice*

We turn then to Perez's argument that the district court could not impose an upward departure from what the guidelines range should have been (according to

him) without notice.  The Federal Rules of Criminal Procedure require the court to provide notice to the parties if it contemplates a "departure" from the applicable guidelines sentencing range.  Fed. R. Crim. P. 32(h).  "'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines."  Irizarry v. United States, 553 U.S. 708, 714 (2008).  The notice requirement therefore applies only when the district court imposes a departure authorized by 18 U.S.C. § 3553(b).  Id.  It does not apply to "variances from Guidelines ranges that a district court may find justified under the sentencing factors set forth in 18 U.S.C. § 3553(a)."  Id. at 715; see also United States v. Plasencia, 886 F.3d 1336, 1344–45 (11th Cir. 2018) ("[N]otice, although necessary for a court to issue an upward departure, is not necessary for a court to issue an upward *variance*." (footnote omitted)).  In other words, if the district court contemplates adjusting a guidelines sentence based on the factors identified by § 3553(b) (a "departure"), it must provide the parties notice.  If the district court modifies a sentence using the factors in § 3553(a) (a variance), it need not provide notice to the parties.

    Here, the district court did not impose a "departure."  Even assuming that Perez was correct and the guidelines range should have been much lower, the district court used its sentencing authority under § 3553(a) to apply an upward variance fitting the facts and circumstances of Perez's case, rather than a departure from the

7

guidelines under § 3553(b).  Therefore, it committed no error in not providing notice to Perez.

## CONCLUSION

Because any error in calculating Perez's guidelines range was harmless, his sentence was reasonable, and the district court did not impose a sentencing departure requiring notice, we affirm.

**AFFIRMED**.